T.C. Summary Opinion 2009-129


UNITED STATES TAX COURT


DONALD ADDIE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7590-08S.                    Filed August 25, 2009.


Donald Addie, pro se.

Katherine Lee Kosar, for respondent.


ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent issued a notice of deficiency disallowing, inter alia, the earned income credit (EIC) claimed by petitioner, thereby resulting in a deficiency of $1,950 in his Federal income tax for 2006. The issue for decision is whether petitioner had two or no qualifying children during the taxable year. At trial, respondent conceded that if petitioner had no qualifying children, then he is entitled to an EIC of $373. Respondent further conceded that the individuals with respect to whom petitioner claimed the EIC satisfied the requisite relationship and age tests for a qualifying child. Thus, the only issue remaining for decision is whether the individuals met the residency test; specifically, whether petitioner's children had the same principal place of abode as petitioner for more than one-half of the taxable year. We find that the children met the residency test and hold that petitioner is therefore entitled to the EIC as claimed by him on his return.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Ohio when the petition was filed.

Petitioner claimed on his 2006 Federal income tax return, inter alia, an EIC for his two children.

Petitioner and the children's mother were never married and parted ways in 1999 at which time they entered into a Mediation Agreement (Agreement). Pursuant to the Agreement, the children's mother was the residential parent and petitioner was the nonresidential parent. The Agreement further designated that petitioner would share the second and third weekend of each month with the children, picking them up from their mother on Saturday morning and returning them to their mother on Sunday evening. For the first part of 2006, petitioner's children resided primarily with their mother in accordance with this agreement.

However, during the latter part of June 2006, petitioner's children and their mother moved in with petitioner due to an injury to the mother's back. The children and their mother continued to live with petitioner for the remainder of the year.

### Discussion

Section 32(a)(1) permits an eligible individual an EIC against that individual's tax liability. As pertinent here, the term "eligible individual" is defined to mean "any individual who has a qualifying child for the taxable year, or * * * any other individual who does not have a qualifying child for the taxable year". Sec. 32(c)(1)(A). The amount of the credit is determined according to percentages that vary depending on whether the

taxpayer has one qualifying child, two or more qualifying children, or no qualifying children.  Sec. 32(b).  The percentages increase if a taxpayer has two qualifying children, as opposed to one or none.  Id.  Thus, if petitioner has two qualifying children, the EIC is $1,950; but if he has no qualifying children, the EIC is only $373.

To be eligible to claim an EIC with respect to a "qualifying child", a taxpayer must establish, inter alia, that the child had the same principal place of abode as the taxpayer for more than one-half of the taxable year.  Secs. 32(c)(3), 152(c)(1)(B).

Because petitioner's children commenced their stay with petitioner near the end of June and resided with petitioner for the rest of the year, the residency test of section 152(c)(1)(B) has been satisfied.  Therefore, petitioner is entitled to the EIC he claimed on his 2006 Federal income tax return.

To reflect the foregoing,

Decision will be entered

for petitioner.